UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KIERSTEN D.,                                                        23-CV-00588-MJR
                                                                               DECISION AND ORDER
                          Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 18)

Plaintiff Kiersten D.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Supplemental Security Income ("SSI") and Childhood Disability Benefits ("CDB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 13) is granted, and defendant's motion (Dkt. No. 15) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff protectively filed for SSI and CDB benefits on May 12, 2020, alleging disability since April 1, 2014. (Administrative Transcript ["Tr."] 1 16, 262-67, 281, 366). Her application was denied initially and on reconsideration (Tr. 151-64), and she requested a hearing in front of an Administrative Law Judge ("ALJ"). (Tr. 185-200). On March 9, 2022, Plaintiff appeared with her attorney at a telephonic hearing before the ALJ (Tr. 38-70). A vocational expert ("VE") also appeared and testified. (Tr. 64-69). Before the hearing, through her attorney, Plaintiff amended the alleged onset date of her claim to June 4, 2020. (Tr. 45). On March 30, 2022, the ALJ issued a decision finding Plaintiff not disabled (Tr. 16-30). On May 1, 2023, the Appeals Council denied Plaintiff's request for review (Tr. 1-7), thereby making the ALJ's decision the Commissioner's final decision. This action followed.

## DISCUSSION

I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c),

- 4 -

416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] RFC based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience,

the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III.   *The ALJ's Decision*

At step one of the five-step sequential analysis, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 4, 2020, the amended alleged onset date. (Tr. 19). At step two, the ALJ determined that Plaintiff has the following severe impairments:  psoriatic arthritis; Raynaud's Syndrome; asthma; morbid obesity; depression; and anxiety. (Tr. 19). At step three, the ALJ found that none of Plaintiff's impairments met or equaled the criteria for any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-22).

Prior to step four, the ALJ determined that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), except: she could frequently handle; can frequently climb ramps and stairs; can occasionally balance, stoop, kneel, and crouch; could never climb ladders, ropes, and scaffolds or crawl; could occasionally operate foot controls with the right lower extremity; could not tolerate work in extreme cold, extreme heat, or with vibrations; could not tolerate concentrated exposure to pulmonary irritants; must alternate between sitting and standing every thirty minutes while

staying in place and productive; would be off task due to interference from her symptoms for nine percent (9%) of the workday in additional to normal breaks; and could occasionally interact with others in a low stress work environment where there were no strict production quotas or assembly-line pace work and where changes in the work setting were occasional or gradually introduced. (Tr. 22-28).

At step four, the ALJ found that Plaintiff has no past relevant work. (Tr. 28). At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (Tr. 28-29). Accordingly, the ALJ concluded that Plaintiff was not disabled through the date of her decision. (Tr. 29-30).

### IV.   *Plaintiff's Challenge*

Plaintiff argues that the case must be remanded, because the ALJ failed to provide any explanation for her highly-specific limitation regarding Plaintiff's expected time off task. The Court agrees.

SSR 96-8p directs that the "RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *SSR 96-8P*, 1996 SSR LEXIS 5 (S.S.A. July 2, 1996). "A very specific RFC assessment — such as the specific amount of time a claimant can spend on certain activities — must be based on evidence in the record, not on 'the ALJ's own surmise.'" *Cheek v. Comm'r of Soc. Sec.*, No. 1:18-CV-01455 EAW, 2020 U.S. Dist. LEXIS 74544, at *13 (W.D.N.Y. Apr. 28, 2020) (*quoting Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014)). "So [for example] when the record provides no support for the specific amount of time that a claimant can sit or stand without relief, a specific finding toward that end is not supported

by substantial evidence." *Id.*; *see also Heckman v. Commissioner*, No. 18-CV-6032, 2019 U.S. Dist. LEXIS 58447, 2019 WL 1492868, at *3 (W.D.N.Y. Apr. 4, 2019).  An ALJ is required to support his or her RFC determination with evidence of record, and to set forth the decision in a manner clear enough to facilitate review of findings as to Plaintiff's limitations. "In formulating the claimant's RFC, an ALJ is required to rely on actual medical findings contained within the record and may not reach a diagnosis without substantial evidence that supports the decision." *Goldthrite v. Astrue*, 535 F. Supp. 2d 329, 339 (W.D.N.Y. 2008).

> Cases in this Circuit, as well as from this district (albeit not precedent) are clear that the ALJ must demonstrate how an off-task limitation was reached. A very specific RFC assessment—such as the specific amount of time a claimant can spend on certain activities—must be based on evidence in the record, not on "the ALJ's own surmise." *Cosnyka v. Colvin*, 576 Fed. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ "translated" medical evidence suggesting that the claimant would be off task "for ten percent of the workday" into a determination that the claimant would be off task "six minutes out of every hour" because "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday").

*Martia P. v. Comm'r of Soc. Sec.*, No. 1:20-CV-560-DB, 2021 U.S. Dist. LEXIS 108323, at *10 (W.D.N.Y. June 9, 2021) (citations omitted); *see also Jacqueline R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-00097-EAW, 2023 US Dist. LEXIS 116022, at *7 (W.D.N.Y. July 6, 2023) ("It has been well-recognized that specific RFC assessments, such as those identifying the percentage of off-task time, must be based on the record evidence and not on an ALJ's own surmise.") (*citing Cosnyka*, 576 F. App'x at 46)); *Elder v. Comm'r of Soc. Sec.*, No. 18-CV-1196, 2019 US Dist. LEXIS 205159, at 14-15 (W.D.N.Y. Nov. 26, 2019) ("Nothing in the record supports the ALJ's specific mental RFC determination that Elder

would be off task for no more than five minutes . . . per hour.") (internal quotations omitted)).

Here, Plaintiff's treating rheumatologist, Dr. Rabheh Aziz, M.D., opined that Plaintiff's impairments would cause her to be off task **more than 10%** of the time in a workplace setting on an average day. (Tr. 1355 (emphasis added)). In addition to an off-task opinion, Dr. Aziz provided a comprehensive function-by-function RFC. (Tr. 1350-1354). Dr. Aziz – a physician specializing in complex rheumatological conditions, such as psoriatic arthritis and Raynaud's Syndrome, on which Plaintiff's claim is primarily based – referred to the entirety of her treatment records, including labs, objective findings, and observations as being pertinent for determining Plaintiff's limitations. (Tr. 1350).

The ALJ rejected Dr. Aziz's 10% time-off-task limitation, and instead, without explanation, substituted her own 9% time-off-task limitation.  The ALJ offered no explanation for her 9% limitation as opposed to Dr. Aziz's 10% limitation, and there is nothing in the record to support the ALJ's finding that Plaintiff would be off-task exactly 9% of the time, rather than some greater duration as Dr. Aziz opined.  As far as the Court can discern, the ALJ simply relied on her own surmise rather than the medical evidence in the record.  This was error and prevents this Court from conducting a meaningful review.  This error was not harmless because the VE testified that a 10% off-task limitation would preclude competitive employment. (Tr. 66). Accordingly, this case must be remanded.[3]

---

[3] Plaintiff also argues that the ALJ erred by: (1) not finding an absenteeism limitation; and (2) mischaracterizing the evidence.  The Commissioner should also consider these arguments on remand.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is granted and defendant's motion for judgment on the pleadings (Dkt. No.15) is denied. The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   February 17, 2026
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge